ACCEPTED
03-15-00433-CR
7814253
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/13/2015 9:57:44 AM
JEFFREY D. KYLE
CLERK

# No. 03-15-00433-CR

In the Texas Court of Appeals
Third District, at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/13/2015 9:57:44 AM
JEFFREY D. KYLE
Clerk

**Hector Hato Laboy,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the County Court at Law No. 4 of Travis County
Cause Number D-1-DC-13-204642

## STATE'S BRIEF

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is not requested*

# Table of Contents

Index of Authorities ............................................................................ ii

Summary of the State's Argument .......................................................1

Standard of Review ............................................................................. 3

Argument ............................................................................................. 3

   Reply Point One: The evidence is legally sufficient to show that
   Appellant committed a terroristic threat. ....................................... 3

   Reply Point Two: Appellant has not shown ineffective assistance of
   counsel. ........................................................................................... 5

Prayer ...................................................................................................7

Certificate of Compliance and Service ............................................... 8

i

# Index of Authorities

**Cases**

*Rickels v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2006)................... 3
*Rylander v. State*, 101 S.W.3d 107 (Tex. Crim. App. 2003) .................7
*Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009) ................ 5, 6
*Strickland v. Washington*, 466 U.S. 668 (1984) ................................. 5

**Statutes**

Tex. Penal Code § 22.07.................................................................... 3

**No. 03-15-00433-CR**

In the Texas Court of Appeals
Third District, at Austin

**Hector Hato Laboy,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the County Court at Law No. 4 of Travis County
Cause Number D-1-DC-13-204642

**STATE'S BRIEF**

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief in response to

Appellant's brief.

## Summary of the State's Argument

*Point One*: The motion to revoke probation alleged that Appellant

committed a new offense of terroristic threat. Appellant argues that

the evidence is legally insufficient to show that he intended to place

anyone in fear of *imminent* serious bodily injury.

1

*Reply*: Considering the surrounding circumstances and the lower burden of proof in a revocation hearing, the trial court did not abuse its discretion in finding that Appellant committed the offense of terroristic threat. Additionally, the court's judgment should be upheld because there are several other independent grounds for revocation.

*Point Two:* Appellant claims that he received ineffective assistance of counsel because his attorney did not make a hearsay and confrontation clause objection to testimony about a criminal mischief offense alleged in the motion to revoke.

*Reply*: It is not clear that a hearsay or confrontation clause objection would have been sustained, but in any case, there is no harm because the testimony was cumulative of previously-admitted testimony. There is also no harm because the court had multiple other grounds for revocation. Additionally, trial counsel has not had an opportunity to defend herself. For all of these reasons, Appellant has not shown that counsel was ineffective, and the court's judgment should be affirmed.

## Standard of Review

A trial court's order revoking probation is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

## Argument

### *Reply Point One:* The evidence is legally sufficient to show that Appellant committed a terroristic threat.

The State filed a motion to revoke Appellant's probation, which alleged that Appellant had committed a new offense of terroristic threat (among other things). CR 61. The State had the burden to prove the terroristic threat by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64.

A person commits the offense of terroristic threat if he threatens to commit any offense involving violence to any person or property with intent to place any person in fear of imminent serious bodily injury. Tex. Penal Code § 22.07.

Appellant does not dispute that he called his ex-girlfriend Cassie and threatened to kill her friend Jakuri, but Appellant argues that the evidence is legally insufficient to show that he intended to place

anyone in fear of *imminent* serious bodily injury because Appellant made the threat in a single phone call, he did not elaborate, he did not say that he was looking for Jakuri and would kill him when he found him, and Appellant had already left the victims' house.

Appellant fails to account for the surrounding circumstances: Appellant made the threat on the same night that he slashed Jakuri's tires. 2RR 15. Appellant made the threat soon after the police stopped and questioned him about the tire slashing, so he knew that Jakuri had called the police, and he knew that he was facing criminal penalties, including possible prison time, for his actions. 2RR 10-12. Appellant was last seen only two blocks away from the victims' house. 2RR 14. Appellant has a history of violence. 2RR 18; CR 16. And Appellant did not say anything to indicate that the threat was not imminent. To the contrary, the point of the threat was to cause Cassie and Jakuri immediate fear. In fact, Jakuri was afraid for himself and his kids, who were also at the house. 2RR 14.

Considering the circumstances, as well as the lower burden of proof in a revocation hearing, the trial court did not abuse its

discretion in finding that Appellant committed the offense of terroristic threat.

Even assuming, for the sake of argument, that the evidence is insufficient to prove terroristic threat, the court's order revoking probation should be upheld because only one sufficient ground is needed to uphold the trial court's order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this case, the trial court found that Appellant 1) committed the offense of terroristic threat, 2) committed the offense of criminal mischief, 3) tested positive for cocaine, 4) tested positive for marijuana, and 5) failed to submit a specimen as directed. CR 64. Because there are multiple independent grounds for revoking probation, the court's order should be upheld.

### *Reply Point Two: Appellant has not shown ineffective assistance of counsel.*

In an ineffective assistance claim, the burden is on the appellant to show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

Appellant claims that he received ineffective assistance of counsel because his attorney did not make hearsay and confrontation clause objections to Officer Lucas's testimony that, "I originally started talking to Jakuri and he was -- informed me of the criminal mischief act, and he was showing me the tires." 2RR 13.

First, it does not appear that a hearsay or confrontation clause objection would have been successful. What is the objectionable out-of-court statement, exactly?

Second, Appellant cannot show that this testimony harmed him because Officer Lucas had already testified that he responded to a criminal mischief call and that he personal observed the victim's car with all four tires slashed. 2RR 10-12. The complained-of testimony did not add anything to this previously-admitted testimony.

Third, Appellant cannot show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different because there were multiple grounds for revocation. *See Smith*, 286 S.W.3d at 342-45. Indeed, the trial court indicated that it would have revoked probation based on the terroristic threat offense alone. 2RR 35-38.

6

Finally, trial counsel should not be denounced as ineffective because she has not had an opportunity to defend herself. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

For all of these reasons, Appellant has not shown that counsel was ineffective, and the trial court's order revoking probation should be upheld.

### Prayer

The State asks this Court to overrule Appellant's points of error and affirm the trial court's judgment.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

7

## Certificate of Compliance and Service

I certify that this brief contains 1,036 words. I further certify that, on the 13th day of November, 2015, a true and correct copy of this brief was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the defendant's attorney, John S. Butler, 700 Lavaca Street, Suite 1400, Austin, Texas 78701.

**Angie Creasy**